IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW JAMES GRIFFIN,

    Plaintiff,

vs.                                                          No.  04cv654 MCA/WDS

ROBERT J. PERRY, et al.

    Defendants.

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION[1]

This matter comes before the Court on Plaintiff's motion for partial summary judgment on the pleadings. (Doc. 49) Plaintiff seeks judgment on Count Two of the Complaint, in which he alleges that Defendants Vallejos, LeMaster and Shanks violated his Constitutional due process rights by deducting $128.97 from his inmate account to cover the cost of a television that Plaintiff destroyed. Plaintiff claims he is entitled to judgment on the pleadings because the Defendants admitted deducting the money from his account and admitted that he had not been found responsible for the damage through the prison disciplinary process. Plaintiff cites *Griffin v. Thomas*, 122 N.M. 826 (1997) for the proposition that it is improper for prison officials to take money from a prisoner's account without conducting a reasonable pre-deprivation hearing.

Defendants respond by arguing that Plaintiff waived his right to procedural due process,

---

[1] Within ten (10) days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

therefore the deduction of money from Plaintiff's account was not a due process violation. Defendants have attached the affidavit of Janine Rodriguez, nee Vallejos. Ms. Rodriguez states in her affidavit that she spoke with Plaintiff and advised him that he would only be issued a television if he signed a purchase order for its replacement in case of damage or destruction. Ms. Rodriguez further states that Plaintiff acknowledged that he understood that he would be responsible for any damage he caused to the television, and that she watched Plaintiff sign a purchase order for the replacement cost of the television. The purchase order is also attached as an exhibit, and it contains the following language: "Authorization is granted to debit my account and issue a check in the total shown for purchase of merchandise of (sic) services as indicated."

Defendants cite *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 994 (10th Cir. 2005) and *Itaeva v. Immigration and Naturalization Service*, 314 F.3d 1238, 1242 (10th Cir. 2003), respectively, for the proposition that a party may, in advance, voluntarily waive his due process rights via a contract he signed and entered into, and for the proposition that waivers of procedural rights may be upheld even if they were obtained on a *quid pro quo* basis such as here, where the television would only be issued after Plaintiff signed the reimbursement agreement.

Plaintiff filed a reply to Defendants' response, in which he denies signing the purchase order, challenges the waiver language, and alleges that Defendants' Exhibit 2 is a fabrication.

STANDARD OF REVIEW AND ANALYSIS

As an initial matter, although this motion was originally filed under F.R.C.P. 12, matters outside the pleadings were presented by both parties. Accordingly, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. F.R.C.P. 12(c). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file,

together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.  *Celotex v. Catrett*, 477 U.S. 317 (1986).  The moving party must initially establish the absence of a question of fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  Thereafter, Rule 56 requires the responding party to go beyond the pleadings and identify sufficient evidence to show that there is a genuine issue for trial.  *Allen v. Muskogee Oklahoma*, 119 F.3d 837, 841 (10th Cir. 1997) *cert. denied*, 118 S. Ct. 1165 (1998).

Plaintiff's motion is based on his contention that Defendants had no right to take money from his account to recoup damage to a state-owned television unless they first established his culpability for the damage through the prison disciplinary process.  For purposes of the disposition of this motion, the Court accepts the Plaintiff's basic premise.  The United States Magistrate Judge recommends that the Court find that Plaintiff's motion is not well founded, for Defendants have raised a triable issue of fact by presenting evidence that Plaintiff voluntarily waived his right to such a hearing by signing the purchase order attached as Exhibit 2 to their brief.  Plaintiff's allegations regarding the authenticity of the purchase order should be left for consideration by the jury at the time of trial.

                                                      **W. DANIEL SCHNEIDER**
                                                      **United States Magistrate Judge**