# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MATTHEW JAMES GRIFFIN,

      **Plaintiff,**

vs.                                        **No. 04cv654 MCA/WDS**

ROBERT J. PERRY, et al.

      **Defendants.**

## ORDER RESCINDING PRIOR ORDER APPOINTING MEDICAL EXPERT, DENYING DEFENDANTS' MOTIONS TO EXCLUDE EXPERTS, AND GRANTING PARTIES EXTENSIONS OF TIME TO IDENTIFY MEDICAL EXPERTS AND SUBMIT REPORTS

THIS MATTER comes before the Court on Defendant Robert Kitchens' Motion To Exclude Expert Testimony, or, Alternatively, to Exclude All Expert Testimony Regarding Causation, Doc. 141, filed June 7, 2007; and on the other Defendants' Motion to Exclude Expert Testimony on Behalf of Plaintiff or, Alternatively, Motion for Extension of Time to Identify Experts and Produce Rule 26 Expert Report, Doc. 144, filed June 11, 2007.

Defendants contend that Plaintiff Matthew Griffin should not be allowed to present medical expert-witness testimony regarding the causation of medical injuries he alleges he sustained to his eye because he has not complied with the Court's most recent scheduling order requiring the submission of expert-witness reports and Rule 26 disclosures. Alternatively, Defendants request an order extending the deadline for them to identify their experts and to submit expert reports until 30 days after Plaintiff has done so.

Plaintiff is proceeding pro se and, although he paid his filing fee in full (apparently by credit card), he has now been given permission to proceed *in forma pauperis.  See* Doc. 11.  On January 26, 2007, the Magistrate Judge assigned to this case granted Plaintiff's second, and apparently

unopposed, amended motion to appoint a medical expert. *See* Doc. 104. In their response to Plaintiff's first motion for court appointment of an expert, which the Magistrate Judge denied as premature, *see* Doc. 54, Defendants argued that appointment of an expert was premature; that Plaintiff had not shown that the absence of a court-appointed expert "would substantially prejudice his ability to prove his claim;" that he had failed to show that "his claim is sufficiently complex to warrant an expert and he has failed to produce any evidence to show that he is incapable of paying for his own medical expert;" and that, under FED. R. EVID. 706, Plaintiff should be required to bear at least some of the cost of the expert. *See* Doc. 46. The Magistrate Judge did not address any of these arguments in his order appointing an expert, nor did he state the basis for appointing an expert of Plaintiff's choosing.

The issue of the propriety of a court-appointed expert is implicit in resolving the motions to exclude expert witnesses, and the Court has several concerns. Plaintiff contends that, in March 2007 at a scheduling conference the Magistrate Judge orally stated that the Court does not have funds to pay medical experts in civil cases for damages such as the case at bar and that it would need to revisit the issue of a court-appointed expert. The Court agrees that it does not have funds to pay for medical experts in civil cases such as the case at bar. *See Malik v. LaValley*, 994 F.2d 90, 90 (2d Cir. 1993) (agreeing with and citing cases from six other circuits holding that "federal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant"). While the Court has found no published cases from the Tenth Circuit on this discrete issue, the Tenth Circuit has issued an unpublished opinion citing and "agree[ing] with the reasoning" in nine circuit and Supreme Court cases, including *Malik*, and noting that, "[e]very circuit considering this issue has held that § 1915(a)'s waiver of prepayment of 'fees or costs' does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding *in forma pauperis*." *Hooper*

*v. Tulsa County Sheriff Dep't,*113 F.3d 1246, 1997 WL 295424 (10th Cir. 1997) (unpublished).

There are other reasons why the Court should reconsider the propriety of a court-appointed expert in this case.  First, the record does not reflect that the appointed expert has granted her consent to act as an expert or that she has been notified of her duties in writing or at a conference.  *See* Rule 706(a).  The Magistrate Judge also did not rule on how the expert was to be paid.  *See* Rule 706(b) ("compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs").  Further, the underlying purpose of Rule 706 is to assist the court in evaluating contradictory or complex evidence or issues, rather than to aid a plaintiff's prosecution of his own case.  *See* 4 Weinstein's Federal Evidence § 706.02[3] (2d Ed. 2007) (stating that a court has discretion to appoint an expert of its choosing "in exceptional cases that present unwieldy, complex, or technical issues" or when "there is a need for an impartial, independent assessment of a disputed issue").  "Even an indigent party has no right to a court-appointed expert in the absence of a statute requiring the appointment of an expert to be compensated by the State."  *Id.* § 706.02[4].  Because none of the requirements of Rule 706 have been met, and because the Court concludes that this case is not one  in which Rule 706 is applicable, the Court will rescind the order appointing the expert of Plaintiff's choice as a "court-appointed expert."  As discussed below, that does not mean, however, that Plaintiff may not obtain a medical expert or that Defendants may not ultimately be required to assist in paying for such an expert.  The Court concludes that because of the  uncertainty caused by the improvident appointment of a medical expert, no expert medical witness testimony[1] should be excluded at this time and the parties

---

[1]  Plaintiff's treating physicians may be called as medical witnesses to testify about the extent of the injuries, their treatment, prognosis, and about causation of injuries, insofar as their opinions were developed during their medical treatment, without having to submit separate reports.  *See* 10 FED. PROC., L. Ed. § 26:244 (West 2007) ("the relevant question is whether the

should be granted extensions in which to complete their responsibilities to name experts, conduct examinations, and submit reports.

On May 16, 2007, Defendants moved, under FED. R. CIV. P. 35, to compel Plaintiff to submit to a medical examination by Defendants' medical expert. *See* Doc 136. Plaintiff agreed to comply, provided that the medical expert appointed by the Court in January would also examine him[2]. *See* Doc. 139 at 2. On September 26, 2007, the Magistrate Judge granted Defendants' motion to compel in a text-only order that did not address Plaintiff's request. *See* Doc. 155. The amended proposed pre-trial order submitted by Defendants on November 16, 2007, indicates that no compelled medical examinations have yet occurred and that Defendants will not compel one unless the motion to bar expert testimony on causation is denied. *See* Proposed Amended Pre-Trial Order at 20. And Plaintiff contends that "[n]othing can be accomplished regarding the Court-appointed medical expert" until the Court rules on paying her; that he has not retained an expert because he cannot afford one as an "indigent prisoner;" and that he has complied with the scheduling order insofar as it is possible for him to do so. Doc. 145 at 3.

In his motion requesting an expert, Plaintiff cited a case in which a district court shifted the cost of an indigent prisoner's medical expert to the defendants because the defendants moved to compel a Rule 35 psychological examination by the defendants' medical experts, thereby "plac[ing]

---

treating physician acquired his or her opinion as to the cause of the plaintiff's injuries directly through treatment of the plaintiff. If so, the physician can be deposed but cannot be forced to file a written report."). Similarly, Plaintiff may call other professionals or scientists who investigated and/or submitted reports in this case so that he may ask about the interpretation of their findings and reports.

[2] Of course, Plaintiff would be entitled to a copy of Defendants' medical expert's report whether or not he is called at trial. *See* FED. R. CIV. P. 35(b)(1).

4

a significant financial burden on an indigent plaintiff who must address the admissibility and use of any evidence that arises from the requested examination." *Hodges v. Keane*, 145 F.R.D. 332, 335 (S.D.N.Y. 1993).  Citing FED. R. CIV. P. 26, the court ordered the defendants "to pay the cost for the indigent plaintiff to hire an expert to address or rebut any opinion that defendants' expert may proffer at trial." *Id.* at 336.

Given the facts that the Court is rescinding its order appointing a medical expert and denying Defendants' motions to exclude medical witnesses, and no medical examinations other than by the treating physicians have taken place, the ball is now in Plaintiff's court.  If Plaintiff desires to call a medical expert other than his treating physicians to testify in his case-in-chief about extent of damages and causation, he shall inform the Court and the opposing parties within twenty days of the filing of this Order and shall be given thirty days from the filing of this order to obtain, at his own expense[3], a medical expert who may perform a medical examination and prepare a report, which he then shall timely submit to the Defendants if he plans on calling the expert at trial in his case-in-chief.  Defendants will be given 30 days from the date the report is submitted to them to have their rebuttal expert form an opinion based upon Plaintiff's expert's examination and findings.  In that case,  Plaintiff shall bear his own witness fees.

If, however, Plaintiff decides not to hire his own expert and instead relies on the testimony

---

[3] Although Plaintiff states he is indigent, he paid his filing fee apparently using a credit card and his prisoner account records indicate that he receives an average of $110/month from some unidentified source.   He may have friends or family members who are willing to pay for an expert witness or he may have outside assets in another person's possession or control that may be sold and used to pay for the witness.  Further, the record contains memoranda of prison disciplinary reports indicating that Plaintiff has offered to pay $1000-$3000 to other inmates who will harm prison guards for him, indicating that he may have access to funds that are not in his prisoner account.  *See* Doc. 136, Exs. E, F.  An indigent prisoner is not constitutionally entitled to access to an expert any more than an indigent non-prisoner plaintiff is -- even if he cannot prove causation without an expert witness.  *See Hooper*, 1997 WL 295424 at **2.

5

of his treating physician on the issues of extent of injuries and causation, and Defendants decide to go ahead with their Rule 35 examination of Plaintiff and present a different medical expert at trial, the Court will entertain a motion by Plaintiff to require Defendants to assist in paying the expenses of a medical expert to rebut Defendants' expert.

Thus, in summary, the Court concludes that the order appointing an expert should be rescinded.  A plaintiff such as Mr. Griffin is not generally entitled to obtain an expert medical witness to testify on his behalf at Defendants' expense.  If, however, Defendants compel Plaintiff to submit to another medical examination and if their medical witness intends to testify either that (i) Plaintiff suffered no significant or permanent injuries as a result of the incidents that occurred on August 15, 2001, or that (ii) any permanent injuries that occurred that day could have been caused during the initial fracas with officers while they were wrestling Plaintiff to the floor and subduing him, then the Court may require Defendants to assist in paying for the reasonable expenses incurred by Plaintiff in obtaining a rebuttal medical expert  –  if, of course, Plaintiff makes a sufficient showing that he has no other means by which to pay for an expert.  *See* FED. R. CIV. P. 26(b)(4)(C).   Such rebuttal expert may examine Plaintiff and/or prepare a report based on his/her findings and the medical findings in the record to rebut Defendants' medical expert's findings.

**NOW, THEREFORE, IT IS ORDERED** that the January 26, 2007, Order Appointing an Expert (Doc. 104) is **RESCINDED**;

**IT IS FURTHER ORDERED** that Defendant Kitchen's Motion to Exclude (Doc. 140) is **DENIED**;

**IT IS FURTHER ORDERED** that the other Defendants' Motion to Exclude (Doc. 144) is **DENIED IN PART** and **GRANTED IN PART**, consistent with this Order;

**IT IS FURTHER ORDERED** that Plaintiff shall submit a status report to the Court and

6

opposing counsel within twenty days of the filing of this Order informing the Court of his decision whether to independently hire and pay for a medical expert, as stated in this Order, and, if he desires to hire a medical expert, shall submit the name and other information regarding his expert witness and arrange for examinations and/or reports as provided in this Order; and that Defendants shall inform the Court and Plaintiff of their intent to proceed with a compelled medical examination within five days of the filing of Plaintiff's status report, as provided in this Order.

**SO ORDERED** this 10th day of March, 2008, in Albuquerque, New Mexico**.**

_____

**HONORABLE M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**

7