IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW JAMES GRIFFIN,

    Plaintiff,

vs.                                                  No. 04cv654 MCA/WDS

ROBERT J. PERRY, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Robert L. Kitchens' *Motion for an Order to Admit at Trial the Evidence of Plaintiff's Plan to Attack a Corrections Officer with a Razor Blade, his Actual Attack on Corrections Officer Chavez with a Razor Blade on August 15, 2001, and His Other Attacks With Razor Blades on Corrections Officers as Well as Other Inmates, as Relevant to Plaintiff's Claim for Punitive Damages and Also as Admissible Under Fed.R.Evid. 404(a) and Fed.R.Evid. 406* [Doc. 162], filed Nov. 14, 2007. Kitchens contends that this evidence is relevant to Griffin's claims for compensatory and punitive damages; is admissible to show Griffin's character and habit of being a violent first aggressor; and is admissible to show that he was the aggressor who initiated the events leading to his alleged injury for which he now seeks compensation from Kitchens and the other Defendants. *See* FED. R. EVID. 401, 404(a), and 406. Having reviewed the parties' written submissions, the relevant law, and being fully advised in the premises, the Court will grant the motion in part and deny it in part.

Griffin seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983 against Kitchens, a Corrections Officer, for having kicked Griffin while he was in full restraints moments after Griffin attacked and seriously injured Officer Chavez, Kitchens' friend and co-worker, with

a razor blade. Kitchens seeks to introduce evidence about the events occurring immediately before he encountered Griffin. But he also seeks to introduce the following evidence: (i) Griffin has been sentenced to life in prison for murder, so his vicious attacks are a "free shot" on prison employees; (ii) Griffin slashed Officer Chavez with an intent to permanently maim him in the face because Griffin wanted more writing supplies and desires to cause officers to fear what will happen if they do not comply with his demands; (iii) Griffin has no remorse for what he did to Officer Chavez; (iv) since his 1991 conviction and imprisonment, Griffin has assaulted and/or threatened various corrections department employees and other inmates at least 20-30 times, including recently slashing a hearing officer who conducted a hearing on some of Griffin's disciplinary charges; (v) Griffin states that "it is possible that he would plan another assault" and that his plans to assault others "tend to develop quickly;" and (vi) the specific steps Griffin took in planning and executing his attack on Officer Chavez. *See* Doc. 162 at 2-7.

Trial courts are vested with broad discretion regarding evidentiary rulings on motions in limine. *See generally United States v. Wagoner County Real Estate*, 278 F.3d 1091, 1099 (10th Cir. 2002). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Evidence that is not relevant is not admissible. *See* FED. R. EVID. 402. The Court agrees that what Kitchens knew about Griffin and about what occurred immediately before he kicked Griffin is relevant to Kitchens' subjective state of mind and motive on the issue of punitive damages. In § 1983 actions, punitive damages "should be awarded only when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir. 1992) (internal quotation marks omitted); *Wulf v. City of*

*Wichita,* 883 F.2d 842, 867 (10th Cir. 1989) (stating that, "an award of punitive damages requires an assessment of [the defendant's] *subjective* state of mind") (italics in original). And the Tenth Circuit has specifically held that an inmate's conduct in provoking prison officials' wrongful actions may mitigate against an award of punitive damages. *See Green*, 977 F.2d at 1389.

In addition, the use of excessive force by a correctional officer violates the Eighth Amendment only when the prisoner is subjected to an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). "The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force . . . applied for security purposes was unreasonable and hence unnecessary in the strictest sense." *Id.* The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Even though Griffin alleges that his violent attack had ended and he was restrained when officers continued to apply force to him such that evidence regarding his attack is irrelevant and should not be considered, the Supreme Court has made clear that the factfinder must consider the full circumstances under which force was applied. Thus,

> [i]n determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.

*Id.* (quotation marks omitted). As part of their defense, Kitchens and the other Defendants have the right to demonstrate that Griffin is not a run-of-the-mill inmate who is easily deterred or controlled by normal procedures, as established by the admitted fact that he escaped from handcuffs immediately before attacking Officer Chavez. Further, the Defendants should be able to present

3

evidence that Griffin employs unexpected and novel methods of attacking officers, like hiding and obtaining weapons and handcuff keys; that he has been able to attack and harm others even while in restraints, and that, therefore, keeping him down and subdued by means that would not be called for in subduing other inmates was reasonable under the circumstances. Griffin's situation is quite distinguishable from that of the inmate in *Bogan v. Stroud*, 958 F.2d 180 (7th Cir. 1992), where the jury believed the inmate's and witnesses' testimony that officers first attacked the inmate without cause and then also stabbed and beat him after he lost consciousness.

Finally, the Court concludes that evidence of Griffin's conduct, motive, and malice in initiating the chain of events that led to his alleged injuries are relevant and admissible on the issue of what amount of damages will serve the purposes of § 1983. A damages remedy must be sufficient to serve the deterrent function central to the purpose of § 1983. *See Smith v. Wade*, 461 U.S. 30, 34 (1983) And the amount of damages should also "provide *fair* compensation for injuries caused by the deprivation of a constitutional right." *Cary v. Piphus*, 435 U.S. 247, 258 (1978) (italics added). "[O]ver the centuries the common law of torts has developed a set of rules to implement the principle that *a person should be compensated fairly* for injuries caused by the violation of his legal rights. These rules, defining the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the inquiry under § 1983 as well." *Id.* at 257-58 (italics added). It seems clear that a full award of compensatory damages is not mandatory in every situation in which constitutional rights have been violated. "Congress, unless it has spoken to the contrary, did not intend by the mere creation of a 'cause of action' . . . that any plaintiff filing a complaint would automatically prevail if only the necessary elements of the federal substantive claim for relief could be established." *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 488 (1980). Thus, in *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1043 (10th Cir. 2005), for

example, the jury awarded only $1.00 in nominal damages for the use of excessive force after considering the totality of the circumstances.  There, the plaintiff, who had just committed a crime, alleged excessive force during his arrest because the arresting officer ordered his dog to bite the plaintiff again after the plaintiff had been successfully apprehended and was lying on the ground, apparently subdued.  *Id.* at 1042.  The jury obviously believed that, although the officer's conduct was unreasonable and his force excessive,  fair compensation to the criminal plaintiff who had set the chain of events in motion was only a nominal award.

As Justice Cardozo has explained, there is an overlying principle that applies in every case brought before the courts, whose "roots [are] deeply fastened in universal sentiments of justice, the principle that no man should profit from . . . his own wrong."  Benjamin N. Cardozo, THE NATURE OF THE JUDICIAL PROCESS 41 (1921).  Thus, a factfinder could determine, for example, that based on the totality of the circumstances, officers who used excessive force while under the influence of passions wrongfully excited by Griffin's unlawful and violent acts should be required only to compensate Griffin in a nominal amount or only for expenses Griffin must pay for corrective surgery or treatment for injuries resulting from the use of excessive force.  The factfinder may determine that only nominal compensation is sufficient both to deter the officers' future unconstitutional behavior and to fairly compensate Griffin, and that Griffin should not be awarded compensation for pain he may have suffered when officers crossed the line and went too far in responding to his attacks and subduing him.

The Defendants argue that,

> *but for* Plaintiff Griffin's actions, he would not have been placed in full restraints, he would not have been taken to Medical, he would not have encountered Officer Kitchens and would not be in a position to allege civil rights claims against Officer Kitchens. Plaintiff Griffin's actions precipitated the entire chain of events which occurred on August 15, 2001.

Doc 162 at 12.  A "but-for" argument is part of a proximate-cause analysis, which is relevant in determining comparative fault between parties, and which can result in a total bar to recovery in state-law negligence or wrongful-death cases.  *See, e.g.*, *Quezada v. County of Bernalillo*, 944 F.2d 710,  722 (10th Cir. 1991) (*overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001) (rejecting opinions in which district courts conflated the "reasonableness" inquiries under Fourth-Amendment and qualified-immunity analyses)).  In *Quezada*, the factfinder determined that a police officer's negligence in creating a situation in which he later had to use deadly force was the proximate cause of the decedent's death, and found in favor of the decedent's estate on a wrongful-death claim based on negligence and also in favor of the estate on its claim for excessive force brought under § 1983.  *See id.* at 713.  The Tenth Circuit reversed the district court's rulings on the § 1983 claim because the district court failed to consider the officers' objective reasonableness in shooting the decedent "in light of the facts and circumstances confronting them," including the fact that the decedent "was committing a crime when the officers approached her . . . [and] the danger [the decedent] posed to . . . the deputies."  *Id.* at 717.   In response to the Defendants' argument regarding liability based on comparative fault under the state-law claim for wrongful death that the decedent "could not conduct herself as she did and then escape some measure of liability" because the decedent was "the one who set in motion the forces that ultimately led to her death and that she was the proximate cause of her own injuries,"the Tenth Circuit stated, "]a]lthough we might have accepted this plausible theory had we been the trier of fact," it could not retry the case.  *Id.* at 721-22.  But the Court further noted, without analysis, that "[c]omparative negligence is not applied in suits for violations of federal constitutional rights under § 1983."  *Id.* at 721.  Because Griffin's suit is brought solely under § 1983, the Court is bound by this precedent and will not employ Kitchens' proximate-cause argument as a basis for allowing a factfinder to consider Griffin's conduct.

6

The Court concludes that, to defend against Griffin's claims for compensatory and punitive damages and to assist a factfinder in determining what is fair compensation sufficient to deter future deprivations of constitutional rights, Kitchens may introduce evidence regarding (i) all of the events occurring on August 15, 2001, including Griffin's motivation, plan, and execution of that plan, to attack corrections officers, (ii) Kitchen's knowledge of Griffin's reputation for, and habit of, attacking and threatening officers whenever he has the opportunity; and (iii) Kitchens' knowledge that Griffin's life sentences and his claims of indigency make Griffin's vicious attacks a "free shot" on prison employees that contribute to his dangerousness to employees and to fear that may create in the minds of the officers. The potential prejudicial effect of admitting evidence of Griffin's prior convictions, his reputation, and his habit of viciously attacking officers will not substantially outweigh its probative value. But the Court concludes, at this juncture, that Kitchens has not sufficiently explained the relevance or admissibility of Griffin's statements regarding the possibility of future attacks or the instances of specific attacks that occurred after August 15, 2001.

Although, in his response, Griffin objects to the use of his deposition testimony at trial, Kitchens has not requested such use in his motion and the Court will reserve ruling on the issue until it arises. *See* FED. R. CIV. P. 32 (a)(3).

**IT IS, THEREFORE, ORDERED** that Kitchens' *Motion for Order* [Doc. 162] is **GRANTED in part and DENIED in part**.

**SO ORDERED** this 26th day of September, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
UNITED STATES DISTRICT JUDGE